UNITED STATES OF AMERICA

DISTRICT COURT OF MASSACHUSETTS

CASE NO. _____

RICHARD J. ANDREW

Petitioner

v.

KENNETH NELSON

Respondent

04-11895 REK

MEMORANDUM OF LAW IN SUPPORT OF PETITION OF

HABEAS CORPUS UNDER 28 U.S.C. § 2254

I. INTRODUCTION

The petitioner-defendant, then aged 16 years, pled guilty and deliquent by first degree murder, pursuant to M.G.L.A. c. 119, §72, in the Roxbury Juvenile Court. The statue, it should be noted, was the 1993 edition, and his admission was on June 30, 1993.

On January 17, 2000, the petitioner filed a motion, pro se, seeking leave to late-file a request to revise and revoke his sentence of 15 to 20 years, as well as an affidavit and his request for appointed counsel. The court (Martin, J.) granted his request for counsel on February 29, 2000, but took no action otherwise. Subsequently, James Sultan and Michelle Menken at Rankin & Sultan were desinated by public counsel to represent the petitioner.

- 1 -

On January 31, 2001, the petitioner withdrew his pro se pleading and, with assistance of counsel, refiled a substitute motion pursuant to Mass. R. Crim. P. 29, with a request to file said motion late.

In his motion to revise and revoke his sentence, the petitioner sought reduction of his term of 15 to 20 years initially imposed to a term of 15 years to 15 years and 1 day (15-15-1). The court (Martin, J.) held two non-evidentiary hearings on April 26 and June 14, 2001, which focused on wheather the court has discretionary power under the statue, M.G.L.A. c. 119, § 72 (1993 edition) to impose any sentence other than the sentence he gave the petitioner.

On August 16, 2001, Justice Martin denied petitioner's motion to reduce his sentence on the basis that the court felt precluded by statue from imposing a lesser term. The issue of ineffective assistance of counsel excused a late filing of the motion was not considered.

On September 11, 2001, at the behest of the petioner, who filed a reconsideration and for a report of a legal question to the Appeals Court, the court (Martin, J.) did certify a question to the Appeals Court which, simply put, asked if the sentencing judge had discretion to impose a term of 15 years to 15 years and a day under the 1993 edition of the statue. Justice Martin concluded by asserting that he would have sentenced petitioner to a lesser maximim if he did not feel precluded from doing so by his understanding of the law.

The Appeals Court, by rescript dated January 8, 2003, dismissed the report on procedural grounds, but noted that it would not have reached the merits of the question of statutory construction because the lower court failed to resolve the ineffective assistance of counsel issue and rendered the report as being premature. Comm. v. Fenton F., a juvenile, 57 Mass. App. Ct. 903, 904 (2003).

On January 15, 2003, petioner filied a reconsideration motion, his second, on the basis of the Appeals Court's decision, requesting an evidentiary hearing on his motion to revise and revoke his sentence, which was allowed. The focus here was on whether trial counsel's ineffectiveness excused the late filing of the Rule 29 motion.

On June 4, 2003, the court (Martin, J.) issued a ruling holding that trial counsel was ineffective and allowed the petitioner's request pursuant to rule 29. As such, petitioner's sentence was reduced to a term of 15 years to 15 years and 1 day. The Commonwealth petitioned the Supreme Judicial Court pursuant to M.G.L.A. c. 211, § 3, for extraordinary relief on or about June 4, 2003. On June 9, 2004, the SJC reversed Judge Martin decision and re-instated petitioner's original sentence, 15 to 20 years.

## II. ARGUMENT

The petitioner asserts at the outset that the trial judge must be armed with the legal authority, as well as the remedy, to provide relief to any person suffering prejudicial compromise of their right under the Rules of Court, specific to Rule 29, Criminal Procedure, who, due to ineffectiveness

of trial counsel, was constitutionally deprived of his Sixth Amendment privilege, the 14th Amendment as well.

An attorney performance is crucial in capital cases and is essential to protect all the rights of the accused. **Gideon v. Wainwright**, 372 U.S. 335, 344-345 (1963) ("The assistance of counsel is one of the safeguards of the Sixth Amendment deemed necessary to ensure fundamental human rights of life and liberty").

Nearly six years elapsed before petitioner was transferred to an adult correctional system and whereupon he learned of his right to seek relief through a motion to revise and revoke his sentence, pursuant to Mass. R. Crim. P. 29, primarily through investigation in the institution's law library and the assistance of the law clerks.

Having been advised by trial counsel within the sixty day period available for the filing of a Rule 29 motion, that nothing could be done to mitigate the sentence, the petitioner now submitted a pro se request to revise and revoke this sentence, along with a motion for appointed counsel.

Upon advice by counsel, the petitioner withdrew his pro se filing and substituted anew the motion to late-file a Rule 29 request.

The lower court did not understand that the petitioner could have been sentenced to a term of less than the 15 to 20 years imposed under the statute, M.G.L.A. c. 119, § 72 (1993 edition), which was recently enacted. As such, the

judge ruled, in consideration of mitigating factors, that he would have sentenced the petitioner more leniently.

After an initial denial of petitioner's motion per Rule 29, he moved the court for reconsideration and for a report of a question to the Appeals Court relative to the lower court's discretionary power under the statute to resentence the petitioner.

The lower court would eventually vacate the sentence and reimpose anew, allowing the Rule 29 motion as timely, on grounds that the sentence he would have imposed had the judge known it was possible, a 15 years to 15 years and a day term.

The Commonwealth argues that the sixty day period is absolute, that it must be interpreted in a strictly inflexible way. It is a specious argument, for there is much precedent to the contrary.

In **U. S. v. Golden**, 854 F.2d 31 (3rd Cir. 1988) (late filing of motion to reduce sentence under like Federal Rule 35 would be excused if counsel promised, but did not, file such a motion); **Voytik v. U.S.**, 778 F.2d 1306, 1310 (8th Cir. 1988) (attorney's failure to file Rule 35 motion in response to defendant's request or to advise him of the filing deadline would excuse late filing if defendant was prejudiced); **U.S. v. Ackerman**, 619, F.2d 285 (3rd Cir. (1980) (late filing of Rule 35 motion would be excused if counsel promised to file but did not). In an deportation matter,

**Iturribarria v. I.N.S.**, 321 F.3d 889 (9th Cir. 2003), the court said that equitable tolling principles may be applied to extend deadline for filing motion to reopen deportation proceedings where delay in filing was due to ineffectiveness of counsel. Moreover, in two Appeals Court decisions, **Comm. v. McNulty**, 42 Mass. App. Ct. 955, 957 1997) and **Comm. v. Stubbs**, 15 Mass. App. Ct. 955 (1983), the court said "the judge should vacate the sentence and reimpose it, thereby affording the defendant an opportunity to file timely a motion pursuant to Mass. R. Crim. P. 29(a) to revise the new sentence." Indeed, the court (Martin, J.) relied upon these precedents in rendering his decision in the case at bar.

The Commonwealth, urging the court to overturn **Stubbs** in the instant case, but their vehicle is not the appropriate mode, a petition pursuant to M.G.L.A. c. 211, § 3, to travel here for an established legal precedent's "overturning."

Trial counsel must be duly diligent, if not protective of the right to a fair trial, but also the rights to a fair sentencing and an appeal. **Evitts v. Lucey**, 469 U.S. 387 (1985) (dismissal of defendant's appeal for failing to comply with a procedural rule resulting from counsel's ineffectiveness assistance violates the due process clause of the 14th Amendment); accord **Roe v. Flores-Ortega**, 528 U.S. 470 (2000); **Strickland v. Washington**, 466 U.S. 668, 686 (1984) (defendant is entitled to effective assistance

of counsel at sentencing proceeding).

In the Commonwealth, under the **Saferian** standard (Comm. v. Saferian, 366 Mass. 89, 96 in 1974), a counsel is not permitted to fall below it. Indeed, he is to "exert his best efforts to insure that decisions of his client are made only after the client has been informed or relevant considerations" (quoting the ABA Code of Professional Responsibility and Canons of Judicial Ethics in 1975, EC 7-8).

Equally protective, the Sixth Amendment guarantees the right to effective assistance in federal collateral proceedings where there exists no specific constitutional right to counsel. **Strickland**, 466 U.S. at 698.

In the public counsel's (CPCS) Assigned Counsel Manual, Performance Standards Governing Representation of Indigents in Criminal Cases (2003 CPCS Standards), it is required that "[C]ounsel should advise the client, after sentencing, about the right to file a motion to revise and revoke sentence. Counsel should explain the value of filing the motion to enable the court to fashion an equitable disposition in future proceedings. Counsel should file such a motion in a timely fashion, pursuant to Mass. R. Crim. P. 29, if requested to do so by the client or, if appropriate to protect the clients interests."

Rule 29 review is especially significant, as it is the sole means allowing the sentencing judge sober reflection

upon modifying the sentence based on information that was available at the time of sentencing, in order to assure that the sentence is proportionate with justice.

The petitioner, through no fault of his own, has lost the right to bring a claim for post-conviction relief that he would have pursued otherwise. Without the court providing a remedy, his right to effective assistance of counsel is negated entirely. **Gideon**, 372 U.S. at 343 (the right to counsel provision of the Sixth Amendment was a protected right from state invasion by the due process clause of the 14th Amendment).

In the Commonwealth, the **Stubbs** decision, appearing on page 6 in this argument, provides for a legitimate way of overcoming procedural impediments to Rule 29 rights as a result of ineffective assistance of counsel. It is also in accord with Fed. R. Crim. P. 35 and analogous with Mass. R. Crim. P. 29; **U.S. v. Ackerman**, 619 F.2d 285, 287-288 (3rd Cir. 1980).

The petitioner reiterates his assertion that the trial judge must be equipped with the legal authority to provide a means for curing the prejudicial deprivation of rights due to ineffective assistance of counsel. Such adequate judicial remedies are necessary to uphold the provisions of the Sixth and 14th Amendments. In fact, they are essential to justice in these United States of America.

## III. CONCLUSION

For all the foregoing reason's, this Honorable Court should uphold the petitioner's constitutional rights afforded him by the Sixth and 14th Amendments relative to effective assistance of counsel, thereby reversing the determination by the Massachusetts Supreme Judicial Court's allowance of the Commonwealth's petition for relief under M.G.L.A. c. 211, § 3.

Respectfully Submitted,

*[signature]*

Richard J. Andrew

pro se Petitioner

Cadre Program

20 Administration Rd.

Bridgewater, MA 02324

August 18, 2004

### VERICATION DECLARATION

I, Richard J. Andrew, certify that the foregoing information is to the best of my knowledge and belief and that all facts are made under the pains and the penalties of perjury; I am competent to testify to these matters.

*[signature]*

Richard J. Andrew

August 18, 2004