UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                           )
RICHARD ANDREW,            )
      Petitioner,          )
                           )
v.                         )     Civil Action No. 04-11895-REK
                           )
KENNETH NELSON,            )
      Respondent.          )
_____)
```

### MEMORANDUM OF LAW IN SUPPORT OF RESPONDENT'S MOTION TO DISMISS

Petitioner Richard Andrew pleaded delinquent to juvenile charges, including first degree murder, in 1993. Petitioner now seeks a writ of habeas corpus apparently designed to order the Massachusetts Supreme Judicial Court to permit the judge who originally sentenced him the discretion to reduce his sentence. Even if this claim had any federal basis,[1] it is made too late. The petition plainly demonstrates on its face that it is untimely and must be dismissed. Under the First Circuit's interpretation of 28 U.S.C. § 2244(d)(1), which provides a one-year statute of limitations for habeas corpus petitions, the time to file this petition expired no later than April 24, 1997, more than seven years before it was, in fact, filed.

### I. Prior Proceedings

The facts underlying the delinquency adjudications at issue here, and the relevant procedural history, are set forth in the opinion of the Supreme Judicial Court of Massachusetts, *Commonwealth v. Fenton F.*, 809 N.E.2d 1005 (2004). In summary, Petitioner was charged as a juvenile with the

---

[1] Even if it were timely, the Petition raises no federal issue. Petitioner's claim appears to be that he was denied effective assistance of counsel in connection with his post-sentencing motion to revise his sentence under Mass. R. Crim. Proc. 29. There is no federal constitutional right to assistance of counsel in connection with post-conviction proceedings, other than direct appeals. *Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further.").

1993 first degree murder and armed robbery of a Roxbury cab driver, while Petitioner was sixteen years old. *Id*. at 1006. Seeking to avoid having the case transferred to Superior Court, where he could have been sentenced to a life imprisonment without parole, Petitioner agreed to plead delinquent to the charges and to accept the maximum Juvenile Court sentence. *Id*. at 1006-07, 1010. The Court accepted the plea and entered the stipulated fifteen to twenty year sentence on June 30, 1993. *Id*. at 1007, 1010 & n.11; Petition at p. 1.

More than six years later, in January, 2000, Petitioner filed a motion to revise or revoke his sentence pursuant to Mass. R. Crim. Proc. 29, a motion that permits the trial judge the discretion to reconsider a concededly lawful sentence, so long as such reconsideration is requested within sixty days of sentencing. Although the time limit is jurisdictional, *Fenton F*., 809 N.E.2d at 1009, Petitioner contended that the court retained the jurisdiction to reconsider his sentence because his attorney had impermissibly failed to inform him of the availability of the Rule 29 procedure. *Id*. The trial court agreed and resentenced Petitioner to a fifteen year to fifteen year and one day sentence. *Id*. at 1005-06. The Commonwealth sought review of the order in the Supreme Judicial Court, which vacated the resentencing order on June 9, 2004, on the ground that counsel's conduct provided Petitioner no excuse for failing to file his Rule 29 motion in a timely fashion. *Id*. at 1012.

## II.   The Time to File this Petition Expired April 24, 1997

Petitions for habeas corpus by persons in custody pursuant to a judgment of a State court must be filed no later than one year after the date the judgment of conviction became final. 28 U.S.C. § 2244(d)(1)(A). The First Circuit has interpreted this statute as implicitly providing a one-year "grace period" after its effective date to file claims on convictions, such as that at issue here, that became final before the statute of limitations went into effect. *Gaskins v. Duval*, 183 F.3d 8 (1st

Cir. 1999). The statute became effective on April 24, 1996, and the grace period expired one year later, *Rogers v. United States*, 180 F.3d 349, 355 (1st Cir. 1999), more than seven years before this petition was filed in August, 2004.

### III.   No Properly Filed Application for State Post-Conviction Review Tolled the Limitations Period.

The one-year statute of limitations for habeas corpus petitions is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). The only post-conviction proceeding Petitioner refers to in his Petition is the Rule 29 motion to revise or revoke his sentence, first filed January 17, 2000. Petition at p. 1. That motion does not toll the statute for two reasons. First, the motion was filed at least two and a half years after the statute of limitations had expired, on April 24, 1997. And, in any case, a motion under Rule 29 is not an application for "State . . . collateral review with respect to the pertinent judgment or claim" to which the tolling provision applies, because such a motion does not challenge the legality of either the conviction or the sentence. *See Ledoux v. Dennehy*, 327 F. Supp. 2d 97, 98-100 (D. Mass. 2004).

### IV.   Conclusion

The one-year statute of limitations for filing this petition began to run on April 24, 1996. Even if Petitioner's Rule 29 motion tolled the statute, the instant petition was nevertheless filed almost three years too late, and must therefore be dismissed, pursuant to 28 U.S.C. § 2244(d)(1). Permitting Petitioner to pursue this belated attack undermines the important interests that the United States Supreme court has emphasized this statute protects: "The 1-year limitations period of § 2244(d)(1) quite plainly serves the well-recognized interest in the finality of state court judgments.

This provision reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review." *Duncan v. Walker*, 533 U.S. 167, 179 (2001).

For these reasons, respondent respectfully requests that his Motion to Dismiss be granted, and that the petition be dismissed with prejudice.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL


/s/ David M. Lieber
David M. Lieber (BBO# 653841)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200 ext.2827

ATTORNEYS FOR RESPONDENT

Dated: December 29, 2004