UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                       )
RICHARD J. ANDREW,                     )
      Petitioner                       )
                                       )
      v.                               )   CIVIL ACTION
                                       )   NO. 04-11895-REK
KENNETH NELSON,                        )
      Respondent                       )
_____)
```

**Memorandum and Order**
July 6, 2005

### I.  Pending Matters

Pending for decision are matters related to the following filings:

(1) Motion for Appointment of Counsel (Docket No. 3, filed August 31, 2004);

(2) Motion to Dismiss (Docket No. 7, filed December 28, 2004);

(3) Memorandum of Law in Support of Respondent's Motion to Dismiss (Docket No. 8, filed December 28, 2004); and

(4) Motion to Strike (Docket No. 9, filed January 5, 2005).

### II. Procedural Background

The petitioner, Richard J. Andrew, signed his petition for habeas corpus pursuant to 28 U.S.C. § 2254 on July 15, 2004.  (Docket No. 1, filed August 31, 2004)  The petition was filed on August 31, 2004.  On the same day, Andrew's motion for appointment of counsel was filed.  (Docket No. 3).

On November 8, 2004, I issued an Order pursuant to Rule 4 of the Rules

Governing Section 2254 Cases requiring a response from the respondent, Kenneth Nelson. Nelson filed a motion for extension of time on November 24, 2004 (Docket No. 6), which I granted on November 30, 2004. On December 28, 2004, Nelson filed a motion to dismiss. (Docket No. 7). On January 5, 2005, Andrew responded with a motion to strike the motion to dismiss. (Docket No. 9)

### III. Analysis

As a preliminary matter, I will deny Andrew's motion to strike. The motion is premised on the mistaken belief that a motion to dismiss does not constitute a proper response to a Rule 4 order. The government's motion to dismiss is a proper response. See Rule 11 of the Rules Governing Section 2254 Cases ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to petitions filed under these rules."); Federal Rule of Civil Procedure 12(b) (noting that certain defenses may be made by motion).

As for Nelson's motion to appoint counsel, pursuant to 18 U.S.C. § 3006A(a)(2)(B), a court has the power to appoint counsel for a habeas corpus petitioner if the petitioner is financially eligible and "the interests of justice so require." Counsel should only be appointed in rare circumstances where an indigent petitioner's claim has "a fair likelihood of success" and "is factually complex and legally intricate," and where "the facts are largely undeveloped and [the petitioner] is severely hampered in his ability to investigate them." United States v. Mala, 7 F.3d 1058, 1063–64 (1st Cir. 1994). In this case, Andrew did not submit an affidavit of indigency. In addition, the claim amounts to a fairly straightforward ineffective

assistance of counsel claim based on a narrow set of well developed facts. Therefore, Andrew has not satisfied either the indigency requirement or the "interests of justice" requirements for the appointment of counsel, and I will deny motion to appoint counsel.

Because Andrew was under the mistaken belief that Nelson's motion to dismiss was improper, I will allow him the opportunity to respond to the merits of Nelson's motion before ruling. I will allow Andrew until July 26, 2005, to file a response to the government's motion.

## ORDER

For the foregoing reasons, it is ORDERED:

(1) Motion for Appointment of Counsel (Docket No. 3) is DENIED;

(2) Motion to Strike (Docket No. 9) is DENIED; and

(3) As discussed in Part III of the above Memorandum, petitioner Andrew has until July 26, 2005, to file a response to the respondent's Motion to Dismiss (Docket No. 7).

/s/Robert E. Keeton

Robert E. Keeton
Senior United States District Judge