## SUPPLEMENTAL AFFIDAVIT

I, Richard Andrew, petitioner, under oath hereby state the foregoing:

1. I have been incacerated since the age of sixteen years old, which I wasn't old enpough to hold a job;so I have no income. Also, my family doesn't have enough money either, and what little they do, it is to help take care my younger brother who has Cebral Palsy, which is very hard. At the present institution I'm at I make $7.50 a week, which is just enough to buy basic hygeine things. So, I have to say I am very much indigent and unable to pay for an attorney to help with my complicated legal issues.

2. At this point I have no access to a federal to do research or any computer/internet access for help. It will be very much impossible for me to respond to motion to dismiss without proper legal assistance or any past legal experience. Depriving me of counsel will only deprive me of any oppurtunity to litigate my important constitution claims in formal legal fashion, properly.

3. Before my incaceration I only went through 9th grade and have had no prior knowledge to any legal training on federal law. This institution I'm presently at doesn't offer much help. Presently, it doesn't have a librarian, it is being run by gym officers.

4. As I've stated in my habeas claims, my trial attorney was deficient(constitutionally) by failing to inform me of my right of a Rule 29 which I inquired about some sort of post-conviction relief, and was his duty to do so. Also, for not informing the court of flexibility of my sentence per the statue, G.L. 119§72. The statues goes as follow, briefly: If a child who has passed his fourteenth birthday is adjudicated a delinquent...for murder in the first degree such child <u>shall be committed to a maxium confinement of twenty years.</u> Such a confinement shall be to the custody of the Department of youth Services in a secure facility until maxium age of twenty-one years and thereafter shall be to the custody of the Department of Correction for the remaining portion of that commitment but <u>in no case shall the confinement be for less than fifteen years</u> and said child shall not be elible for parole...unitl said child has served fifteen years of said confinement.

5. My case was sent to Appeals Court on a reported of Statuory construction because it's so complicated, which that court sent back for original court to make a decision on matter(s). The low court evntually heard my case and ruled in favor of my motion because of my trial attorney's ineffecttiveness.(see sttached, Judges Ruling as exibit A & B).

6. My case was heard by SLC on a petition under M.G.L. c.211 § 3, which this happens in the rarest of circumstances.

7. The fact of this, my original trial Judge, Gordon A. Martin has granted me relief on the Rule 29 motion, due to my trial attorney's ineffectiveness, and the fact that he felt I should of been sentence to a lesser sentence surrounding the facts of my case. Judge Martin has stated numerous times, he, himself would of sentenced me to a lower sentence if he hadn't been misled into misunderstanding of hi sentence power.( see Exhibits A & B)

8. In June 9, 2004 my case was reversed back to my original sentence of 15-20 years by SJC, which the Commonwealth filed M.G.L. 211 § 3 back in July of 2003 to try and reverse Judge Martin's June 3, 2003 ruling, which they succeeded in June 9, 2004.

9. For me to argue my own issues without an attorney will be very futile to my Habeas Corpus. There are many complicated nature of issues that I'm unable to attack on my own without the assistance of an attorney. I truly don't understand any part of the federal Rules, as my previous attempts of filing will show.

10. See Judges Order(page2), "UnitedStates v. Mala, 7 F.3d 1058, 1063-64(1st Cir. 1994). Robert Keetons order of July 6, 2005.

11. I'm hoping that my affidavit will show this court that it should reconsider it's July 6, 2005 ruling of denying petitioner appointment of counsel.

12. James L. Sultan of Rankin & Sultan, has represented me on my Rule 29 in recent past, and is very familiar with my case. He is also willing to continue to represent me if the court allows for my motion for appointment of counsel. Mr. Sultan is on the list of appointments in the Federal Court.

Signed under the penalties of perjury this 2nd day of August 2005.

Respectfully,

Richard J. Andrew, pro se
Cadre Program
20 Administration Rd.
Bridgewater, Ma 02324