UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
RICHARD J. ANDREW,                  )
    Petitioner                      )
                                    )
    v.                              )   CIVIL ACTION
                                    )   NO. 04-11895-REK
KENNETH NELSON,                     )
    Respondent                      )
_____)

**Memorandum and Order**
August 18, 2005

### I. Pending Matters

Pending for decision are matters related to the following filings:

(1) Motion For Leave to File Supplemental Affidavit in Support of Motion For Appointment of Counsel (Docket No. 13, filed August 5, 2005);

(2) Motion to Reconsider the Denial of Appointment of Counsel in Light of Supplemental Affidavit (Docket No. 14, filed August 5, 2005); and

(3) Supplemental Affidavit (Docket No. 15, filed August 5, 2005).

### II. Procedural Background

The petitioner, Richard J. Andrew, signed his petition for habeas corpus pursuant to 28 U.S.C. § 2254 on July 15, 2004 (Docket No. 1, filed August 31, 2004). The petition was filed on August 31, 2004. On the same day, Andrew's motion for appointment of counsel was filed (Docket No. 3).

On November 8, 2004, I issued an Order pursuant to Rule 4 of the Rules

Governing Section 2254 Cases requiring a response from the respondent, Kenneth Nelson. Nelson filed a motion for extension of time on November 24, 2004 (Docket No. 6), which I granted on November 30, 2004. On December 28, 2004, Nelson filed a motion to dismiss (Docket No. 7). On January 5, 2005, Andrew responded with a motion to strike the motion to dismiss (Docket No. 9).

On July 6, 2005, I issued a Memorandum and Order to adjudicate the motions pending at that time (Docket No. 10). I denied Andrew's motion to strike (Docket No. 9), and reserved judgment on Nelson's motion to dismiss in order to give Andrew time to file an opposition to the motion to dismiss. I allowed Andrew until July 26, 2005, to file an opposition.

On July 25, 2005, Andrew filed a motion seeking an extension of time until September 26, 2005, to file his opposition (Docket No. 11). I allowed Andrew until August 23, 2005.

Andrew has made additional motions, but his opposition has still yet to be filed. Andrew seeks leave to file a supplemental affidavit attesting to his indigence and also to his need for an attorney (Docket No. 13). In addition he seeks reconsideration of my ruling denying his motion for the appointment of counsel (Docket No. 14).

### III. Analysis

Andrew does not provide sufficient reason for me to reconsider my decision to deny his motion to appoint counsel. In his supplemental affidavit, Andrew attests to his indigent status and then indicates that his ninth grade education, his lack of access to a computer, and his lack of access to the internet make it impossible for him to adequately respond to Nelson's motion

2

to dismiss. As noted in my July 6, 2005, Memorandum and Order, counsel should only be appointed in rare circumstances (Docket No. 10 at 2–3). A ninth grade education and a lack of access to a computer is simply not sufficient grounds to justify appointing counsel. In addition, the only legal arguments in the motion to dismiss are based on the passage of the statute of limitation. If such legal argumentation were deemed sufficiently complex to warrant the appointment of counsel, counsel would be appointed in a large number of cases. This would undermine the notion that the appointment of counsel only occur in rare cases. Although I will allow Andrew's motion for leave to file a supplemental affidavit, I will deny his motion for reconsideration of my decision to deny his motion for the appointment of counsel.

As noted in my August 2, 2005, Memorandum and Order, Andrew has until August 23, 2005, to file his opposition to the motion to dismiss. Although Andrew may desire to file additional motions seeking additional time or asking this court to reconsider the denial of counsel, such motions will likely only serve the purpose of limiting the amount of time that he has to prepare his opposition. Such motions will most likely not result in an extension of the August 23, 2005, deadline, and Andrew should keep that in mind when deciding how to litigate this case.

**ORDER**

For the foregoing reasons, it is ORDERED:

(1) Motion For Leave to File Supplemental Affidavit in Support of Motion For Appointment of Counsel (Docket No. 13) is ALLOWED;

(2) Motion to Reconsider the Denial of Appointment of Counsel in Light of Supplemental Affidavit (Docket No. 14) is DENIED; and

3

(3) Andrew has until August 23, 2005, to file a response to the respondent's Motion to Dismiss (Docket No. 7).

          /s/Robert E. Keeton
              Robert E. Keeton
     Senior United States District Judge