UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RICHARD J. ANDREWW,
    Petitioner

v.                         Civil Action No. 04-11895-REK

KENNETH NELSON,
    Respondent

FILED
CLERKS OFFICE
23 P 1:27
U.S. DISTRICT COURT
DISTRICT OF MASS.

### PETITIONER'S REPLY PURSUANT TO 5(E)

    Now comes the petitioner, Richard Andrew, a prisoner lawfully in the custody of the Massachusetts Department of Correction. In the above-entitled matter, pursuant to Habeas Corpus Rule 5(E), respecfully serves petitioner's reply to respondent's motion to dismiss pursuant to **Fed.R.Civ.P 15(a)** petitioner's first **28 U.S.C. 2254(b)** filed on July 15, 2004.

    In support of said reply, the petitioner states that the respondent failed to conform to the rules governing Federal Habeas Corpus **28 U.S.C 2254;** Rule 5(b), which setsfourth the governing standard in all Federal Habeas Corpus cases. The respondent's "answer" is devoid of any procedural history in support of their claim that petitioner is "time-barred". [S]uch circumstances demonstrate the impracticality of addressing exhaustion and default issues in the context of a motion to dismiss based solely on the allegations contained in a Habeas Corpus. Such issues are better raised in the context of an "answer" whcih attaches all the requisite documentation and which clearly sets fourth procedure history of the case. <u>Chavez vs. Morgan,</u> **932 FSupp 1152 (5th cir. 1996).** The rule *mandates that a respondent set fourth procedural history, so a court can have all relevent facts to a petition in order to fully consider a **28 U.S.C. 2254** petition. The motion to dismiss is void of any procedural history in support of their claim. *Rule 5(b), that the petitioner is time-barred pursuant to **28 U.S.C. 2244(d)(1).** Neverless, petitioner reply's to the allegations setfourth in respondent's motion to dismiss. While the petitioner acknowledges that "[A]EDPA contains a statue of limitations...limiting to one year the time within which a person in custody pursuant to a judgement of a state court may apply for a writ of Habeas Corpus. See <u>Gaskins vs. Duval,</u> **183 F3D 8,9 (1st cir. 1999),** and this limitation applies equally to prisoner's who conviction became final prior to the enactment of the AEDPA. <u>Duncan vs. Walker,</u> **533 U.S. 167 (2001),** however, the limitations provision only applies to petitioner's who would be eligible for **28 U.S.C. 2254** petition.

    The pettioner prior to 2003 was, as dictated by **28 U.S.C. 2254 (c),** ineligible to petition this court due to the fact that petitioner wasn't at thestates highest court and didn't exhaust hid remedies. See <u>Scarpa vs. Dubois,</u> **38 F3D 1,6 (1st cir. 1994)** provision **28 U.S.C.**

2254(c), states "an application shall not be deemed to have exhausted the remedies available in the courts of the state, within the meaning (or) this section, if he has the right under law of the state to raise, by any available procedure, the question presented. Here, the correct available procedure to petitioner was a motion to revise and revoke petitioner's sentence under **Mass.R.CrimP 29**, in which the petitioner filed a claim under the Sixth Amendment indentical to Commonwealth vs. Stubbs, **15 Mass.App.Ct. 955 (1985)**, the court dealt with petitioner's motion that was filed on January 31, 2001. And the Judges ruling Revise and Revoke petitioner's sentence on June 3, 2003 was granted, from the order the Commonwealth filed a petition under **G.L.C. 211 § 3** and on June 9, 2004 the Commonwealth was succesful to have the petitioner's original sentence reinstated. A month later the petitioner filed this **28 U.S.C 2254(a)**.

Pursuant to **28 U.S.C. 2254(b)(2)**, "[A]n application for writ of Habeas Corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in court of the state." Huenefeld vs. Maloney, **FSupp.2d (D.Massx, 1999)** the petitioner had to exhaust state remedies before proceeding to Federal Court. See Rose vs. Lundy, **455 U.S. 509 (1982)**, thus, the provision of **28 U.S.C. 2244(d)(1)** started to run the date the Supreme Judical Court ("SJC") reinstated the petitioner's original sentence on June 9, 2004. See Carey vs. Saffold, **536 U.S. 214 (2002)**. The respondent's claim that petitioner is time-barred under **28 U.S.C. 2244(d)(1)** must be denied.

Wherefore: The petitioner prays that this court grants, without delay, issues the writie.

RESPECTFULLY SUBMITTED

Richard J. Andrew, pro se
Cadre Program
20 Administration Rd.
Briggewater, Ma. 02324

Dated: August 18, 2005