UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
RICHARD J. ANDREW,            )
    Petitioner                     )
                                    )
    v.                               )    CIVIL ACTION
                                    )    NO. 04-11895-REK
KENNETH NELSON,              )
    Respondent                  )
_____ )

**Memorandum and Order**
September 15, 2005

**I.  Pending Matters**

Pending for decision are matters related to the following filings:

(1) Motion to Dismiss (Docket No. 7, filed December 28, 2004);

(2) Memorandum of Law in Support of Respondent's Motion to Dismiss (Docket No. 8, filed December 28, 2004);

(3) Petitioner's Letter (Docket No. 17, filed August 23, 2005); and

(4) Petitioner's Reply Pursuant to 5(E) (Docket No. 18, filed August 23, 2005).

**II. Procedural Background**

The petitioner, Richard J. Andrew, signed his petition for habeas corpus pursuant to 28 U.S.C. § 2254 on July 15, 2004 (Docket No. 1, filed August 31, 2004).  The petition was filed on August 31, 2004.  On the same day, Andrew's motion for appointment of counsel was filed (Docket No. 3).

On November 8, 2004, I issued an Order pursuant to Rule 4 of the Rules

Governing Section 2254 Cases requiring a response from the respondent, Kenneth Nelson. Nelson filed a motion for extension of time on November 24, 2004 (Docket No. 6), which I granted on November 30, 2004. On December 28, 2004, Nelson filed a motion to dismiss (Docket No. 7). On January 5, 2005, Andrew responded with a motion to strike the motion to dismiss (Docket No. 9).

On July 6, 2005, I issued a Memorandum and Order to adjudicate the motions pending at that time (Docket No. 10). I denied Andrew's motion to strike (Docket No. 9), and reserved judgment on Nelson's motion to dismiss in order to give Andrew time to file an opposition to the motion to dismiss. I allowed Andrew until July 26, 2005, to file an opposition.

On July 25, 2005, Andrew filed a motion seeking an extension of time in order to file his opposition (Docket No. 11). Andrew sought until September 26, 2005, to file his opposition. I allowed Andrew until August 23, 2005.

On August 5, 2005, Andrew filed motions seeking the appointment of counsel. I denied those motions in a Memorandum and Order issued on August 18, 2005 (Docket No. 16). I reminded Andrew that he had until August 23, 2005, to file his opposition to Nelson's motion to dismiss.

On August 23, 2005, Andrew submitted a letter seeking reconsideration of this court's decision to deny Andrew's motion for counsel (Docket No. 17). Andrew also filed his response to Nelson's motion to dismiss (Docket No. 18).

2

## III. Analysis

### A. Letter Seeking Reconsideration of Denial of Motion for an Attorney

Andrew's letter seeking reconsideration of my denial of his motion for the appointment of counsel does not provide any persuasive reason to reconsider my decision denying Andrew's motion for the appointment of counsel. Therefore, insofar as Andrew's letter can be construed as a motion seeking reconsideration of my rulings, I will deny it.

### B. Motion to Dismiss

Nelson's motion to dismiss contends that Andrew's petition pursuant to § 2254 is time-barred by the one-year statute of limitation contained in 28 U.S.C. § 2244(d)(1). Nelson contends that the last date on which Andrew could timely file his petition was on April 24, 1997, "more than seven years before it was, in fact, filed" (Mem. in Support of Mot. to Dismiss, Docket No. 8, at 1). Andrew responds by claiming that Nelson's motion does not provide the proper procedural history upon which this court can base a decision that the time period for filing the motion has elapsed and also by claiming that a motion to dismiss is not a proper procedural mechanism for ruling upon a time-bar defense. In addition, Andrew asserts that his claim is not time-barred because he had not exhausted his appeals until the Massachusetts Supreme Judicial Court ruled on his case in 2004.

Andrew's assertion that Nelson does not provide the proper procedural history upon which I can base my decision on Nelson's time-bar defense is without merit. If Nelson asked this court solely to rely upon Andrew's petition for establishing the procedural history of this case, Andrew's argument *might* have merit, see Chavez v. Morgan, 932 F. Supp. 1152 (E.D. Wis. 1996), although there are strong reasons in favor of allowing a motion to dismiss based upon

a time-bar defense that are discussed below. Nelson, however, points to the procedural history as it was outlined by the Massachusetts Supreme Judicial Court in Commonwealth v. Fenton F., 809 N.E.2d 1005 (2004). Andrew does not contend that the procedural history is incorrect in any respect. Therefore, the record is sufficiently established to rule upon this motion.

Andrew's contention that a motion to dismiss based upon the one-year limitation period is improper presents a closer question, but it is also without merit. Andrew relies on Chavez as legal support for his assertion that a defense based on the one-year limitation period is not properly decided before the answer. Chavez held that the documents that are required to be turned over to a court pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts are "critical" even when it is "clear that [a] petitioner had procedurally defaulted or had not exhausted his state court remedies" because "such documents are often critical to determining whether 'cause' and 'prejudice', or 'actual innocence', exist to excuse the default." Id. at 1153. I find no cases from the First Circuit adopting the holding of Chavez. In fact, I have found at least one instance of a court in this district entertaining a motion to dismiss based upon the one-year limitation period. See e.g., Ledoux v. Dennehy, 327 F. Supp. 2d 97 (D. Mass. 2004). Moreover, the Supreme Court of the United States recently ruled that a petition for habeas corpus was time-barred in a case where no answer had ever been filed. See Pace v. DiGuglielmo, 125 S.Ct. 1807 (2005). Finally, Chavez did not address the issue of whether the failure to comply with the time requirements of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") could be raised in a motion to dismiss. Therefore, I reject Chavez to the extent that it might be read to apply to AEDPA's one-year limitation period.

My decision to reject Chavez to the extent that it can be read to apply to the one-

year limitation period is buttressed by the policy that a respondent should not be forced to respond substantively to a claim that is clearly time-barred and also by Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, which states that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."  Although I recognize that I must be vigilant to ensure that there is nothing in the record that suggests it would be proper to require a more detailed answer before granting a motion to dismiss based on the one-year limitation period, I also recognize that if it is clear that a claim is time-barred it would run counter to the policy of the AEDPA, a law designed to streamline habeas corpus proceedings, to require an answer pursuant to Rule 5.

Turning to the merits of Nelson's motion, insofar as Andrew may be claiming that his sentence was improper due to ineffective assistance of counsel during and immediately following his sentencing, I find that Nelson's argument that such a claim is time-barred is persuasive.  Section 2244(d)(1) of Chapter 28 of the United States Code provides in relevant part that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

Id.  This time limit became effective in 1996, and the Court of Appeals for the First Circuit holds that the period of limitation for claims that "accrued" before the effective date could be timely filed within one year from the date that this provision became effective.  See Gaskins v. Duval,

183 F.3d 8, 9 (1st Cir. 1999).

Andrew pled guilty and was sentenced to fifteen to twenty years on June 30, 1993. It is this sentence to which Andrew objects. Andrew claims that the sentencing judge mistakenly believed that he had to sentence Andrew in the manner he did and that Andrew's counsel was ineffective for not informing the trial judge of his legal error and also for not informing Andrew of his right to file a Rule 29 motion pursuant to the Massachusetts Rules of Criminal Procedure. A party has 60 days from "the imposition of a sentence" to bring a Rule 29 motion. Andrew's sentencing and the passage of the 60 days for filing a Rule 29 motion occurred prior to the effective date of § 2244(d)(1) so that the one-year period to timely bring suit under § 2244(d)(1) did not expire until April 24, 1997. To the extent that Andrew might attempt to claim that he should be treated differently because he was tried, convicted, and sentenced as a minor, the issue is moot because the defendant was 16 in 1993, see Commissioner, 809 N.E.2d at 32, and so reached adulthood before the one-year period began to run in 1996.

The only way that Andrew could avoid the one-year time-bar for his ineffective assistance of counsel claim is to contend that he is entitled to some form of equitable tolling. But see Pace, 125 S.Ct. at 1814 n.8 (explaining that it was not necessary to decide whether the doctrine of equitable tolling applied to the AEDPA's one-year time limit). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Id. at 1814. Andrew does not explicitly raise equitable tolling as a defense, but his memorandum in support of his petition does attempt to explain why he never realized that he could file a Rule 29

motion. Andrew contends that his attorney told him following the sentencing that there was nothing that could be done about the sentence and he also contends that:

> Nearly six years elapsed before petitioner was transferred to an adult correctional system and whereupon he learned of his right to seek relief through a motion to revise and revoke his sentence, pursuant to Mass. R. Crim. P. 29, primarily through investigation in the institution's law library and the assistance of the law clerks.

(Pet.'s Mem. of Law, Docket No. 2, at 4).

Andrew has not met his burden of establishing that the time-bar could be equitably tolled, and, thus, I do not have to determine whether equitable tolling is applicable. First, nothing in the record establishes that Andrew was diligent in pursuing his rights. There is no indication that Andrew was seeking to protect his rights for six years following his sentencing. See Pace, 125 S.Ct. at 1815 ("Under long-established principles, petitioner's lack of diligence precludes equity's operation."). To the extent that Andrew might claim that he was a minor for approximately two of those years, Andrew did attain adulthood long before the one-year period for raising a habeas corpus claim ran. Second, there is nothing in the record to indicate that an "extraordinary obstacle" stood in the way of vindicating his rights. The only possible obstacles are the advice of his counsel that there was nothing Andrew could do about the sentence and the fact that Andrew was in a juvenile facility until six years after his sentencing. If bad advice by an attorney were an obstacle sufficient to invoke equitable tolling, a vast plethora of cases would be eligible for equitable tolling. As for Andrew's time in a juvenile facility, there is no contention that Andrew lacked proper access to legal materials while in the juvenile facility. Therefore, there is no ground to find equitable tolling even if the doctrine of equitable tolling is applicable to the one-year time limit.

Even if I were to find equitable tolling applicable, Andrew's petition might still be time-barred. Upon discovering the alleged ineffective assistance of his counsel, Andrew did not file a petition for habeas corpus pursuant to § 2254. Instead, he filed a motion in state court pursuant to Rule 29 of the Massachusetts Rules of Criminal Procedure. There are decisions from this district holding that a petition pursuant to Rule 29 is not a type of collateral review that is sufficient to toll the one-year limitation for filing a § 2254 petition. See Ledoux, 327 F. Supp. 2d 97, 99–100 (D. Mass. 2004) (citing Bland v. Hall, 2002 WL 989532 (D. Mass. May 14, 2002)).

The determination that Andrew's ineffective assistance of counsel claim is untimely does not dispose of this case without some additional analysis, however. Andrew specifically contests the Supreme Judicial Court's determination that the failure of Andrew's attorney to inform the trial court that it had the ability to impose a lower sentence than it did, and to inform him of his ability to file a motion pursuant to Rule 29 did not create an exception to the 60-day time limit for filing a Rule 29 motion because it did not amount to ineffective assistance of counsel. The Supreme Judicial Court's *ruling* that his attorney's actions did not amount to ineffective assistance of counsel is the basis of this claim. The Supreme Judicial Court's decision was issued on June 9, 2004. This habeas corpus petition was filed on August 31, 2004. Therefore, the claim raised by the petition appears on its face to be timely.

Because the substance of Andrew's claim is ineffective assistance of counsel occurring at the time of sentencing, however, my decision that Andrew's direct claim of ineffective assistance of counsel is time barred serves to bar this claim as well. The reason that this is the case can be seen in the following hypothetical. John Doe is convicted of a crime in state court. Years later he decides to file a federal habeas corpus petition based upon the ineffective

8

assistance of counsel, but he realizes that he cannot do so because the one-year limitation for bringing the petition has elapsed. Doe also realizes that he can timely seek collateral review of his conviction on the same ground in state court. Doe files his petition in state court and loses. Doe then files a petition for habeas corpus based upon the state court's allegedly incorrect application of federal law. It strains reason to believe that Doe's seeking collateral review in state court after the expiration of the federal statute of limitation would enable Doe to then file a federal habeas corpus claim that is based on the same ground that was previously time barred. For the same reason, Andrew's habeas corpus claim, based upon the Supreme Judicial Court's allegedly incorrect application of the ineffective assistance of counsel standard, cannot serve to resurrect Andrew's time-barred ineffective assistance of counsel claim.

Andrew's contention that the decision of the Massachusetts Supreme Judicial Court should be viewed as *re*imposing his sentence is also without merit. The ineffective assistance of counsel claim relates to the initial sentencing. Therefore, it is the entry of the initial sentencing that governs for purposes of accrual of the one-year limitation period.

Andrew's final contention, that his failure to exhaust his remedies until the Massachusetts Supreme Judicial Court issued its decision in 2004 means that the one-year period did not start running until 2004 is equally unavailing. Although an applicant generally has to exhaust state remedies before having a habeas corpus petition heard on the merits, see 28 U.S.C. § 2254(b)(1)(A), that rule does not prevent the one-year time limit from running.

**ORDER**

For the foregoing reasons, it is ORDERED:

9

(1) Kenneth Nelson's Motion to Dismiss (Docket No. 7) is ALLOWED.

(2) Petitioner's Letter (Docket No. 17), insofar as it serves as a motion for reconsideration of my denial of his motion for the appointment of counsel, is DENIED.

(3) Richard J. Andrew's Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By a Person in State Custody (Docket No. 1) is DISMISSED WITH PREJUDICE.

(4) The Clerk is directed to enter forthwith a separate and final order stating:

As explained in the Memorandum and Order issued on this date, Richard J. Andrew's Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By a Person in State Custody is DISMISSED WITH PREJUDICE, the parties to bear their own costs.

    /s/Robert E. Keeton
    Robert E. Keeton
    Senior United States District Judge