MASSACUSETTS DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RICHARD J. ANDREW,
    Petitioner

vs.

District Court
Civil Action No.
04-11895-REK

KENNETH NELSON
    Respondent

## APPLICATION FOR CERTIFICATE OF APPEALABILITY

    Now comes the petitioner, Richard J. Andrew, respectfully serves his application for certificate of Appealability pursuant to **28 U.S.C. Sec. 2253(c)**, seeking an Appeal in a dismissal with prejudice to petitioner's first pro-se **28 U.SC. 2254** Federal Habeas Corpus Petition.

### I. Background facts
### And
### Procedural History

    In March, 1993, the petitioner then sixteen years old and George Davis Jr., talked about robbing someone. The petitioner was carring a .32 Caliber automatic pistol, and had been drinking alchohol and marijuana. Finding no one on the streets to rob, the pair hailed a taxicab and asked the driver to take them to a street that would afford them a quick escape once there. The petitioner had some words with the driver as he payed him. The defendent went to driver's side window, took out the gun, and shot the cabdriver. The victim died from the wound a short time later. Pursuant to a 1993 plea agreement, the defendant pleaded delinquent by reason of murder in the first degree. The petitioner was sentenced to from fifteen to twenty years, pursuant to **119Sec 72**, twenty rears being the maximum under the statue. After a hearing conducted in 2003, almost ten years after the Inposition of the plea agreement and sentencing, the judge granted the defendant's motion to Revise and Revoke petitioner's sentence. The plea Justice entertained the belated motion on the theory that ineffective assistance of counsel created an exception to the sixty-day limit set fourth in **Mass.R.Crim.P 29**. The plea Justice vacated petitioner's sentence and then resentenced petitioner from fifteen years to fifteen years and one day. the Commonwealth filed a petition pursuant to **G.L.c 211 Sec 3**, in the county court, and a single Justice reported the case to the full court. At that time the full court concluded that there was no ineffective assistance of counsel and as a result the sixty-day time limit still applied. The court then vacated the Judge's decision and reimposed the petitioner's original sentence. On July 15, 2004, petitioner filed his first pro-se **28 U.S.C 2254** Federal Habeas Corpus Petition. The petition was filed on August 31, 2004. On December 28, 2004, respondent filed his motion to dismiss petition as "Time-Barred". After filing sever-

al motions, the District Court, Robert E. Keeton, dismissed petition as time-barred. This Appeal follows.

## II. ISSUE PRESENTED

1.) Whether a Rule 29 Motion is a properly filed state for post-conviction relief.

Under the Antiterrorism and effective Death Penalty act ("AEDPA") the rules for obtaining relief in a Federal Habeas Corpus petition pursuant to 28 U.S.C. 2254, has changed. Before the enactment a prisoner seeking redress of a state criminal conviction could seek Federal Habeas Corpus review at any time it becomes a apparent that the prisoner is being held in violation of the United States constitution or treaties of the United States. However, after the AEDPA'S enactment congress has substantially limited a prisoner's access to a Federal Habeas Corpus in all cases arising from State Conviction. One of the limitations, the congress saw fit to limit was the prisoner's availability of the Great writ. the limitations imposed include 28U.S.C. sec 2241(d)(1)(a), which provides:"the time during which a properly filed application for state post-conviction or oher collateral review with respect to the pertinent Judgement or claim is pending shall not be counted toward's any period of limitations under this subsection. Thus congress sought to limit a state prisoner's access to the writ, but effectively cleared the way for an exemption to the statue of limitations by tolling any period a prisoner is seeking correction of allegded Constitutional error in a state court". See Killela vs. Hally, 84 FSupp.2d 204 (D. Mass.2000). "[t]he majority of courts that have considered this issue have concluded that ' A Properly Filed Application' is one submitted according to the state's Procedural requirments, such as the rules governing notice and the time and place of filing". Villegas vs. Johnson, 184 F3d 467 (5th Cir. 1999). In Mayne vs. Hall, 122 F.Supp.2d 86 (D. Mass. 2000), the first circuit reitirated that "[u]nder Section 2241(d)(2), petitioner receives the benefit of a provision which tolls the the one year period during the time a 'Properly Filed' post-conviction state application for collateral review is pending." Id. Unfortunately, the first circuit did not elaborate upon what state filings constitute 'Properly Filed Applications under section 2244(d)(2). Turning to Mayne vs. Hall, 122 FSupp.2d 86 (D.Mass-2000), the first circuit has decided on what constitute state filing when discussed motions for new trial (Mass. R. Crim.P.30). While the first Circuit has admitted that "neither AEDPA nor its legislative history explains which state filings qualify as Properly Filed Applications".

Nevertheless, many circuit of Appeals courts have adopted the criteria that a Properly Filed State Application is one that is in compliance with the State's procedural history such as the states rules governing notice and the time and place for such filing. See Mayne vs. Hall, 122 FSupp. 2d 86 (D.Mass. 2000), theMayne court is instructive in its reasoning, absent any clarification by its legislative enactment, the analysis is correct. Procedural requirments, time and place of filing a Rule 29 motion was complied with.

thus, qualifying for "state filing" See **Estes vs. Chapman, 382 F3d 1237 (11th Cir. 2004)**, in **Estes**, the eleventh Circuit concluded that under state law, as dictated by the procedural requirments made by state statutory scheme, a motion to correct illegal sentence was a properly filed state application for post-conviction review, and such action tolled the statue of limitation under AEDPA's one year limitation period. **ID** The first Circuit has dealt with rule 29 motions to ultimately conclude that motions to Revise and Revoke a sentence is not A "Properly Filed State Application". "[A] Rule 29 motion fits neither of these criteria. First, it is not seperate and distinct from the earlier proceeding. To the contrary, it is directed to the original sentencing Judge, as part and percei of the original proceeding in which the defendant was sentenced... In addition, a Rule 29 motion does not challenge the legal suffiency of the conviction or imposition of the sentence. Rather, it provides a mechanism whereby the trial judge may reconsider a concededly lawful sentence". **Ledoux vs. Dennehy, 327 Fsupp.2d 97 (D. Mass. 2004)**. In **Estes vs. Chapman, 382 F3d 1237 (11th Cir. 2004)**, the state advanced a similar argument that under Goergia Law a motion to vacate a void sentence was not a "Collateral attack under 2244(d)(2), the circuit court held that a motion to vacate void sentence, under state procedural law, was a " Collateral Attack" and thus, time in seeking such a motion in state court was tolled while pursuing those avenues. Both motions are part of and percei to orignal sentence imposed, and are identical.

    Wherefore: Petitioner prays that the Honorable court granta a certificate of appealability.

Date: September 22, 2005

                                    Respectfully Submitted,
                                    Richard J. Andrew, pro se
                                    20 Administration Rd.
                                    Bridgewater, Ma. 02324